UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Heung Yol Kim on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>J & J Safetymate Corp. dba College Point Safety Mate and Yun Hee Kim<br><br>Defendants, | Index No. 22-cv-1070<br><br>**COMPLAINT**<br><br>**COLLECTIVE ACTION** |

Plaintiff, Heung Yol Kim (collectively, "plaintiff"), on behalf of himself and all others similarly situated, by his attorneys, Ryan Kim, complaining of Defendants J & J Safetymate Corp. d/b/a College Point Safety Mate ("JJSC"), and Yun Hee Kim (collectively, "defendants"), alleges:

## NATURE OF ACTION

1. This action is brought to recover unpaid overtime wages, and other damages pursuant to the Fair Labor Standards Act, 29 U.S.C § 201, et seq. ("FLSA"), and New York Labor Law ("NYLL"), N. Y. Lab. Law § 650 et seq.

2. Plaintiff seeks injunctive and declaratory relief against defendants' unlawful actions, unpaid overtime wage, liquidated damages, compensatory damages, interest, and attorneys' fees and costs pursuant to the FLSA, the NYLL.

3. Defendants own and operate College Point Safety Mate, a safety equipment supply store at 58-19 College Point Blvd. Flushing NY.

4. Defendants failed to compensate Plaintiff and all others similarly situated at the statutorily overtime wage as required by law.

1

## JURISDICTION

5. This Court has subject matter jurisdiction over this case pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337 and has supplemental jurisdiction over Plaintiff's claims under the NYLL pursuant to 28 U.S.C. § 1367.

## VENUE

6. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391, as J & J Safetymate Corp. d/b/a College Point Safety Mate is incorporated and located in the Eastern District of New York.

### Plaintiff Heung Yol Kim

7. Heung Yol Kim ("Kim") resides in Queens County, New York.

8. Kim was employed as a store clerk by Defendants from September 2013, through January 23, 2022.

9. During the employment period for Defendants, Kim was an individual who engaged in commerce or the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

### J & J Safetymate Corp

10. Defendant J & J Safetymate Corp. is a New York Corporation that owns and operates College Point Safety Mate in Flushing New York.

11. JJSC is an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

12. JJSC has employees engaged in commerce or the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

13. JJSC has an annual gross volume of sales in excess of $500,000.

### Yun Hee Kim

14. Defendant Yun Hee Kim ("Kim") is the president and the owner of JJSC.

15. Yun Hee Kim is sued individually in her capacity as an owner, officer, and/ or agent of JJSC.

16. Yun Hee Kim exercises sufficient control over the company's operations to be considered Plaintiff's employer under the FLSA, New York Labor Law.

17. At all-time material herein, Yun Hee Kim had the authority to hire and fire employees and established and exercised authority regarding the pay practices at JJSC.

18. Yun Hee Kim makes all final decisions about employment practices at JJSC.

19. The defendant Yun Hee Kim managed, supervised, established, and administered the terms and conditions of Plaintiff's employment through JJSC.

### COLLECTIVE ACTION ALLEGATIONS

20. The claims in this Complaint arising out of the FLSA are brought by the Plaintiff on behalf of himself and all similarly situated non-exempt employees (i.e. store clerk and cashier) who work or have worked at JJSC within three years of the date of the filing of this action and who elect to opt-in to this action (the "FLSA Collective").

21. The FLSA Collective consists of approximately forty similarly situated current and former non-exempt employees of JJSC, who have been victims of defendants' common policy

and practices that have violated their rights under the FLSA by, inter alia, willfully denying them overtime pay and other monies.

22. The FLSA Collective consists of employees who, during their employment at JJSC, worked as non-exempt employees.

23. As part of their regular business practices, defendants have intentionally, willfully, repeatedly, and in bad faith harmed Plaintiff and the FLSA Collective by engaging in a pattern, practice, and/or policy of violating the FLSA, New York Labor Law. This policy and pattern or practice include, inter alia:

   a. failing to pay employees the statutory minimum wage for all hours worked;
   b. failing to pay employees the proper overtime pay for all hours worked over forty;
   c. failing to pay non-exempt employees one hour's pay at the minimum hourly wage rate for each day during which employees worked more than ten hours;
   d. failing to keep accurate records of hours worked by employees as required by the FLSA and the New York Labor Law.

24. The FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to defendants, are readily identifiable by defendants and are locatable through defendants' records. These similarly situated employees should be notified of and allowed to opt into this action, pursuant to 29 U.S.C. § 216(b).

## PLAINTIFF'S FACTUAL ALLEGATIONS

25. Kim worked as a store clerk throughout his time employed by defendants.

26. Working as a store clerk, Kim fell into the category of "non-exempt" employee pursuant to the FLSA.

27. From September 2013 to January 23, 2022, Kim regularly worked 4 days per week.

28. Plaintiff began his work around 7 p.m. and ended at 7 a.m. for 4 days per week. He regularly worked 12 hours a day for 4 days and he regularly worked about 48 hours per week.

29. From 2013 until 2018, Plaintiff was paid $500.00 per week.

30. From 2018 until 2021, Kim was paid $550.00 per week.

31. From about December 2021 until his separation with Defendants, Kim was paid $600.00 per week.

32. Throughout his employment, Kim was paid a fixed amount of pay per week rather than the statutory minimum wage rate.

33. Defendants failed to compensate Kim at the New York state statutory minimum wage.

34. Defendants also failed to compensate Kim at one and one-half times the statutory minimum wage rate for the hours he worked in excess of forty (40) per workweek.

35. Defendants failed to pay Kim spread-of-hours pay when the length of his workday exceeded ten hours.

36. Defendants failed to furnish Kim's wage statements with his hours worked and rates of pay at his every payday.

37. Defendants also failed to furnish Kim with a wage notice at the time of hiring and whenever his wage rates changed.

## FIRST CLAIM
### (Fair Labor Standards Ad - Unpaid Minimum Wage)

38. Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

39. Defendants are employers within the meaning of 29 U.S.C. §§ 203(e) and 206(a), and employed plaintiff and the FLSA Collective.

40. Plaintiff and the FLSA Collective are employees within the meaning of 29 US.C. §§ 203(e) and 206(a).

41. Defendants were required to pay to plaintiff and the FLSA Collective the applicable federal minimum wage rate.

42. Defendants were not eligible to avail themselves of the federal tipped minimum wage rate under the FLSA because inter alia:

> e. Defendants were required to but failed to inform Plaintiff and the FLSA Collective of the provisions of subsection 203(m) of the FLSA, 29 U.S.C. § 203(m); and

43. made unlawful deductions from the non-exempt employees' pay, in violation of the FLSA, 29 U.S.C. § 203(m) and supporting regulations.

44. Defendants failed to pay the plaintiff and the FLSA Collective the minimum wages to which they are entitled under the FLSA.

45. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and have not made a good faith effort to comply with the FLSA with respect to the compensation of the plaintiff and the FLSA Collective.

46. As a result of defendants' willful violations of the FLSA plaintiff and the FLSA Collective suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, pre-judgment interest, post-judgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM
## (New York Labor Law - Unpaid Minimum Wage)

47. Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

48. Defendants are employers within the meaning of the NYLL §§ 190,651(5), 652, and supporting New York State Department of Labor Regulations, and employed plaintiff.

49. Defendants failed to pay Plaintiff the minimum wages to which he is entitled under the NYLL.

50. Defendants have willfully violated the NYLL by knowingly and intentionally failing to pay the plaintiff minimum hourly wages.

51. As a result of Defendants' willful violations of the NYLL, Plaintiff is entitled to recover his unpaid wages, reasonable attorneys' fees and costs of the action, liquidated damages, and pre-judgment and post-judgment interest.

## THIRD CLAIM
## (Fair Labor Standards Act - Unpaid Overtime)

52. Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

53. Defendants are required to pay Plaintiff and the FLSA Collective one and one-half (1 ½ ) times the regular rate at which Plaintiff was employed for all hours worked in excess of forty hours in a workweek pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207, et seq.

54. Defendants have failed to pay Plaintiff and the FLSA Collective the overtime wages to which they are entitled under the FLSA.

55. Defendants have willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiff and FLSA Collective overtime wages.

56. Due to the defendants' violations of the FLSA, Plaintiff and the FLSA Collective are entitled to recover their unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## FOURTH CLAIM
### (New York Labor Law- Unpaid Overtime)

57. Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

58. Under the NYLL and supporting New York State Department of Labor Regulations, defendants were required to pay Plaintiff one and one half (1 ½ ) times the regular rate of pay for all hours he worked in excess of forty.

59. Defendants have failed to pay Plaintiff the overtime wages to which they were entitled under the NYLL. Defendants have willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiff overtime wages.

60. Due to the defendants' willful violations of the NYLL, Plaintiff is entitled to recover his unpaid overtime wages, reasonable attorneys' fees and costs of the action, liquidated damages, and pre-judgment and post-judgment interest.

## FIFTH CLAIM
### (New York Labor Law - Spread-of-Hours Pay)

61. Plaintiff repeats and realleges all foregoing paragraphs as if set forth herein.

62. Defendants willfully failed to pay Plaintiff the additional compensation of one hour's pay at the basic minimum hourly wage rate for each day during which Plaintiff worked more than ten hours.

63. By defendants' failure to pay Plaintiff the spread-of hours pay, Defendants willfully violated the NYLL Article 19, §§ 650, et seq., and the supporting New York State

Department of Labor Regulations, including, but not limited to, 12 N.Y.C.R.R. §§ 137-1.7, 3.10, and 146-1.6.

64. Due to the defendants' willful violations of the NYLL, Plaintiff is entitled to recover an amount prescribed by statute, reasonable attorneys' fees and costs of the action, pre-and post-judgment interest, and liquidated damages.

## SIXTH CLAIM
### (New York Labor Law - Wage Theft Prevention Act)

65. Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

66. Defendants failed to furnish to Plaintiff at the time of hiring, whenever there was a change to an employee's rate of pay, and on or before February 1st of each year of employment through 2022, a wage notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular payday designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law; in violation of the NYLL § 195(1).

67. Defendants failed to furnish Plaintiff with each payment of wages an accurate statement listing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular

hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages; in violation of the NYLL § 195(3).

68. Due to the defendants' violation of NYLL § 195(1), Plaintiff is entitled to recover from the defendants liquidated damages of $50.00 per day that the violation occurred, up to a maximum of $5,000, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to the NYLL § 198(l-b).

69. Due to the defendants' violation of the NYLL, § 195(3), Plaintiff is entitled to recover from the defendants liquidated damages of $250.00 per workweek that the violation occurred, up to a maximum of $5,000, reasonable attorney's fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-b).

## PRAYER FOR RELIEF

WHEREFORE, plaintiff, on behalf of himself and the FLSA Collective, respectfully requests that this Court enter a judgment:

a) declaring that defendants have violated the minimum wage provisions of the FLSA and the NYLL;

b) declaring that defendants have violated the overtime wage provisions of the FLSA and the NYLL;

c) declaring that defendants have violated the spread-of-hours provisions of the NYLL;

d) declaring that defendants have violated the unlawful deductions provisions of the NYLL;

e) declaring that defendants' violations of the FLSA and NYLL were willful;

f) awarding plaintiff and the FLSA Collective damages for unpaid minimum wages;

g) awarding plaintiff and the FLSA Collective damages for unpaid overtime wages;

h) awarding Plaintiff damages for unpaid spread-of-hours pay;

i) awarding plaintiff and the FLSA Collective, liquidated damages as a result of defendants' failure to furnish accurate wage statements and annual notices pursuant to the NYLL;

j) awarding plaintiff and the FLSA Collective, liquidated damages in an amount equal to the total amount of the wages found to be due, pursuant to the FLSA;

k) awarding plaintiff and the FLSA Collective, the liquidated damages in an amount equal to the total amount of the wages found to be due, pursuant to the NYLL;

l) awarding plaintiff and the FLSA Collective, pre-judgment and post-judgment interest under the FLSA and the NYLL;

m) awarding plaintiff and the FLSA Collective, the reasonable attorneys' fees and costs pursuant the FLSA and the NYLL; and

n) awarding such other and further relief as the Court deems just and proper.

## JURY TRIAL

A jury trial is demanded on all Counts.

Dated: February 28, 2022

    /s/ Ryan Kim
Ryan J. Kim

Ryan J. Kim, Esq.
Ryan Kim Law, P.C.
222 Bruce Reynolds Blvd. Suite 490
Fort Lee, NJ 07024
ryan@RyanKimLaw.com

## NOTICE OF INTENTION TO ENFORCE SHAREHOLDER LIABILITY FOR SERVICES RENDERED

TO: Yun Hee Kim

    PLEASE TAKE NOTICE, that pursuant to the provisions of Section 630 of the Business Corporation Law of New York and Section 609 of the Limited Liability Company Law of New York, you are hereby notified that Plaintiff Heung Yol Kim intends to charge you and hold you personally liable, jointly and severally, as one of the ten largest shareholders and/or members of:

J & J Safetymate Corp, *d/b/a* College Point Safety Mate

for all debts, wages, and/or salaries due and owing to them as laborers, servants, and/or employees of the said corporations for services performed by them for the said corporations within the six (6) years preceding the date of this notice and have expressly authorized the undersigned, as their attorney, to make this demand on his behalf.

Dated: February 28, 2022
      Fort Lee, NJ

                                        Ryan Kim Law, P.C.
                                        *Attorneys for Plaintiff*

                                        */s/ Ryan Kim*
                                        Ryan Kim
                                        222 Bruce Reynolds Blvd. Suite 490
                                        Fort Lee NJ 07024
                                        Tel: (718) 573-1111
                                        Email: ryan@ryankimlaw.com

**DEMAND BY EMPLOYEES TO INSPECT SHARE RECORDS AND MINUTES PURSUANT TO SECTION 624 OF THE NEW YORK STATE BUSINESS CORPORATION LAW**

TO:

J & J Safetymate Corp, *d/b/a* College Point Safety Mate

_____

  **PLEASE TAKE NOTICE**, that Plaintiff HEUNG YOL KIM as an employee of the above corporations who intend to demand, pursuant to the provisions of Section 630 of the Business Corporation Law of New York, and Section 609 of the Limited Liability Company Law of New York, payment of debts, wages and/or salaries due and owing to them as laborers, servants and/or employees of the above corporations for services performed by them for the above corporations within the six (6) years preceding the date of this notice from the ten largest shareholders of the above corporations, and who have expressly authorized the undersigned, as their attorney, to make this demand on their behalf.

  **PLAINTIFF HEREBY DEMANDS** the right to examine, in person or by agent or attorney, during usual business hours, the minutes of the proceedings of the shareholders and records of shareholders of the above corporations and to make extracts therefrom on or after five (5) days from receipt of this notice.

Dated: February 28, 2022
   Fort Lee, NJ

             Ryan Kim Law, P.C.
             *Attorneys for Plaintiff*

             */s/ Ryan Kim*
             Ryan Kim
             222 Bruce Reynolds Blvd. Suite 490
             Fort Lee NJ 07024
             Tel: (718) 573-1111
             Email: ryan@ryankimlaw.com

## **DOCUMENT PRESERVATION DEMAND**

Plaintiff(s) hereby demands that Defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to the plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale, or file associated with Plaintiff, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If Defendant is aware of any third party that has possession, custody, or control of any such materials, Plaintiff demands that Defendant requests that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

*/s/ Ryan Kim*
Ryan Kim
222 Bruce Reynolds Blvd. Suite 490
Fort Lee NJ 07024
Tel: (718) 573-1111
Email: ryan@ryankimlaw.com

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein" for ONE THIRD (1/3) or such amount as a court award. All rights relating to attorney's fees have been assigned to counsel.

*/s/ Ryan Kim*
Ryan Kim
222 Bruce Reynolds Blvd. Suite 490
Fort Lee NJ 07024
Tel: (718) 573-1111
Email: ryan@ryankimlaw.com



Under the FLSA and NYLL, taking **<u>adverse actions</u>** (firing and demoting, stalking and harassing) against **Plaintiff(s)** in retaliation for having brought this Complaint is **<u>ILLEGAL</u>** and **<u>PUNISHABLE BY LAW</u>**.

# <u>Consult your attorney</u>

# Settlement under the table is <u>prohibited</u> by the law.



> Once a wage-and-hour case is filed in the Federal District Court, any settlement must be reviewed by the Court and approved as fair and reasonable by the Judge under *Cheeks v. Pancake House, Inc.*

# <u>Consult your attorney.</u>