UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------X
HEUNG YOL KIM, on behalf of himself
and all others similarly situated,

                      Plaintiff,

          -against-

J&J SAFETYMATE CORP. d/b/a
COLLEGE POINT SAFETY MATE AND
YUN HEE KIM,

                   Defendants.
----------------------------------------------------------X

                        **REPORT AND
                        RECOMMENDATION**
                        22-CV-1070 (OEM) (TAM)

**TARYN A. MERKL**, United States Magistrate Judge:

      On behalf of himself and all others similarly situated,[1] Hueng Yol Kim

("Plaintiff") initiated this action against J & J Safetymate Corp. d/b/a College Point

Safety Mate ("JJSC") and Yun Hee Kim (collectively, "Defendants") on February 28,

2022. (*See* Compl., ECF No. 1.) Plaintiff seeks to recover unpaid wages under the Fair

Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and the New York Labor Law

("NYLL"), Art. 19 § 650, *et seq.* (*Id*. ¶ 1.) Plaintiff also seeks injunctive and declaratory

relief. (*Id*. at ¶ 2.) On August 7, 2023, Plaintiff moved for summary judgment on his

FLSA and NYLL claims, reserving the issue of damages for trial. (Pl.'s Mem. of Law in

Supp. of Mot. for Summ. J., ECF No. 19-2 (hereinafter "Pl.'s Mem. of Law").) On

December 11, 2023, the Honorable Orelia E. Merchant referred Plaintiff's motion for

---

[1] Specifically, Plaintiff originally brought this action "on behalf of himself and all similarly situated non-exempt employees (i.e.[,] store clerk[s] and cashier[s]) who work or have worked at JJSC within three years of the date of the filing of this action and who elect to opt-in to this action." (Compl., ECF No. 1, ¶ 20.) However, Plaintiff did not elect to file a motion for collective certification.

summary judgment to the undersigned magistrate judge. (Dec. 11, 2023 ECF Order Referring Mot.) For the reasons set forth below, the Court respectfully recommends denying Plaintiff's motion for summary judgment.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

### I. Factual Background

As alleged in the complaint, Defendant Yun Hee Kim ("Defendant Kim") owns and operates JJSC, a safety equipment supply store located at 58-19 College Point Boulevard in Flushing, New York. (*See* Compl., ECF No. 1, ¶¶ 3, 14.) Plaintiff avers that Defendant Kim is the president and owner of JJSC, and that JJSC, which "has an annual gross volume of sales in excess of $500,000," "is an enterprise engaged in interstate commerce within the meaning of the FLSA" § 203(s)(1). (*Id.* ¶¶ 11–14 (quotation marks omitted).) Plaintiff further alleges that he was employed as a store clerk by Defendants between September 2013 and January 23, 2022 (the "employment period"), and that during the employment period, he was "engaged in commerce or the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person." (*Id.* ¶¶ 8–9.) Plaintiff alleges that during the employment period, he was a "'non-exempt' employee pursuant to the FLSA." (*Id.* ¶ 26.)

Plaintiff further claims that during the employment period, he regularly worked 12 hours a day, four days a week, for a total of 48 hours per week, and that he was paid a "fixed amount of pay per week." (*Id.* ¶¶ 27–32.) Plaintiff also alleges that Defendants failed to furnish wage statements and wage notices. (*Id.* ¶¶ 36, 37.)

Accordingly, Plaintiff claims that Defendants violated the FLSA and NYLL minimum wage and overtime provisions; the NYLL spread-of-hours statute; and the Wage Theft Prevention Act based on Defendants' alleged failure to provide him wage

notice at the time of hire, as required by NYLL section 195(1), and wage statements with each payment of wages, as required by NYLL section 195(3). (*Id*. ¶¶ 38–69.)

## II. Procedural History

As noted above, Plaintiff filed suit on February 28, 2022. (Compl., ECF No. 1.) On April 13, 2022, Defendants answered. (Answer, ECF No. 5.) One day later, the Court scheduled an initial conference to be held on May 12, 2022. (Apr. 14, 2022 ECF Scheduling Order.) During the initial conference, the Court set a discovery schedule and referred the parties to the EDNY FLSA Mediation Panel. (May 12, 2022 ECF Min. Entry & Order; May 12, 2022 ECF Order Referring Case.) On July 29, 2022, the parties filed a joint status report indicating that a settlement was not reached through mediation. (Status Report, ECF No. 9.) That same day, Plaintiff filed a letter for a pre-motion conference to discuss an anticipated motion to compel arising from a discovery dispute. (Letter Mot. for Pre-Mot. Conf., ECF No. 10.) Shortly after the parties resolved the discovery dispute and concluded fact discovery, Plaintiff filed a second motion for a pre-motion conference, this time to discuss an anticipated motion for summary judgment. (*See* Aug. 10, 2022 ECF Min. Entry & Order; Oct. 18, 2022 ECF Min. Entry & Order; Letter Mot. for Pre-Mot. Conf., ECF No. 12.) After the Honorable Diane Gujarati denied Plaintiff's motion for failure to adhere to her Individual Rules, Plaintiff filed a third motion for a pre-motion conference, which Judge Gujarati referred to the undersigned magistrate judge, along with any motion that resulted from the pre-motion conference. (Nov. 4, 2022 ECF Order; Letter Mot. for Pre-Mot. Conf., ECF No. 13; Mar. 20, 2023 ECF Order Referring Mot.)

The Court held a pre-motion conference on April 19, 2023, during which the Court scheduled an initial settlement conference. (Apr. 19, 2023 ECF Min. Entry & Order.) During the initial settlement conference on May 18, 2023, the Court granted

3

Plaintiff's third motion for a pre-motion conference and set a briefing schedule for Plaintiff's motion for summary judgment. (May 18, 2023 ECF Min. Entry & Order.) On July 7, 2023, the case was reassigned to Judge Merchant, and on August 7, 2023, Plaintiff filed a fully briefed motion for summary judgment. (July 7, 2023 ECF Case Reassigned; Mot. for Summary J., ECF No. 19.) On December 11, 2023, Judge Merchant referred the fully briefed motion for summary judgment to the undersigned magistrate judge. (Dec. 11, 2023 ECF Order Referring Mot.) For the reasons set forth herein, the Court respectfully recommends that the motion be denied.

## DISCUSSION

### I.  Summary Judgment Standard

Pursuant to Federal Rule of Civil Procedure 56, summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Darnell v. Pineiro*, 849 F.3d 17, 22 (2d Cir. 2017). "A fact is 'material' for these purposes if it 'might affect the outcome of the suit under the governing law.'" *Gayle v. Gonyea*, 313 F.3d 677, 682 (2d Cir. 2002) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A factual dispute is "genuine" if "'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Nick's Garage, Inc. v. Progressive Cas. Ins. Co.*, 875 F.3d 107, 113–14 (2d Cir. 2017) (quoting *Anderson*, 477 U.S. at 248). The Court must "view all facts in this case in the light most favorable to the non-movant, resolving all ambiguities in [the non-movant's] favor." *Borley v. United States*, 22 F.4th 75, 78 (2d Cir. 2021). "Put another way, summary judgment is appropriate only where the record taken as a whole could not lead a rational trier of fact to find for the non-movant." *Id.* (alterations and quotation marks omitted).

The movant "bears the burden of 'demonstrat[ing] the absence of a genuine issue of material fact.'" *Nick's Garage, Inc.*, 875 F.3d at 114 (alteration in original) (quoting *Celotex Corp.*, 477 U.S. at 323). Once the moving party has satisfied their burden, "'the nonmoving party must come forward with specific facts showing that there is a genuine issue for trial.'" *Brizzi v. Utica Mut. Ins. Co.*, 529 F. Supp. 3d 44, 51 (E.D.N.Y. 2021) (emphasis omitted) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)); *see also Anderson*, 477 U.S. at 252 ("The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.").

Summary judgment must be denied "if there is any evidence in the record that could reasonably support a jury's verdict for the non-moving party." *Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 286 (2d Cir. 2002). Further, Rule 56(c) provides that:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c); *see also Lener v. Hempstead Pub. Sch.*, 55 F. Supp. 3d 267, 274 (E.D.N.Y. 2014).

When determining whether a movant is entitled to summary judgment, judges do not weigh the evidence or make credibility determinations to decide the truth of the matter, but instead determine "whether there is a genuine issue for trial." *Green v. Town of E. Haven*, 952 F.3d 394, 406 (2d Cir. 2020) (citing *Anderson*, 477 U.S. at 249, 255). District courts are "required to 'resolve all ambiguities, and credit all factual inferences that could rationally be drawn, in favor of the party opposing summary judgment.'"

*Kessler v. Westchester Cnty. Dep't of Soc. Servs.*, 461 F.3d 199, 206 (2d Cir. 2006) (quoting *Cifra v. General Elec. Co.*, 252 F.3d 205, 216 (2d Cir. 2001)); *see also Johnson v. Killian*, 680 F.3d 234, 236 (2d Cir. 2012). In addition, courts "may not properly consider the record in piecemeal fashion, trusting innocent explanations for individual strands of evidence; rather, it must review all of the evidence in the record." *Rasmy v. Marriott Int'l, Inc.*, 952 F.3d 379, 386 (2d Cir. 2020).

However, "where the movant 'fail[s] to fulfill its initial burden' of providing admissible evidence of the material facts entitling it to summary judgment, summary judgment must be denied, 'even if no opposing evidentiary matter is presented,' for the non-movant is not required to rebut an insufficient showing." *Giannullo v. City of New York*, 322 F.3d 139, 140–41 (2d Cir. 2003) (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158, 160 (1970)). This is because it is the movant's burden to establish all critical elements of the case. *See Adickes*, 398 U.S. at 158 ("Given these unexplained gaps in the materials submitted by [movant], we conclude that [movant] failed to fulfill its initial burden of demonstrating . . . a critical element in this aspect of the case . . . ."). In other words, "the court may grant summary judgment only if the motion and supporting materials . . . show that the movant is entitled to it"; "considering some facts undisputed does not of itself allow summary judgment." Fed. R. Civ. P. 56(e)(3) advisory committee's note to 2010 amendment.

## II. Liability Under the FLSA

To establish liability under the FLSA, a "plaintiff must prove the following: (1) the defendant is an employer subject to . . . [the] FLSA; (2) the plaintiff is an 'employee' within the meaning of . . . [the] FLSA; and (3) the employment relationship is not exempted from . . . [the] FLSA." *Payamps v. M & M Convenience Deli & Grocery Corp.*, No. 16-CV-4895 (LDH) (SJB), 2018 WL 3742696, at *4 (E.D.N.Y. May 18, 2018)

6

(quotation marks omitted), *report and recommendation adopted*, Sept. 12, 2018 ECF Order

Adopting R. & R. As discussed below, the Court finds that a genuine dispute exists as to

whether Defendants are employers subject to the FLSA; accordingly, the Court

respectfully recommends denying Plaintiff's motion for summary judgment as to the

FLSA claims.

An employer is subject to both the minimum wage and overtime provisions of

the FLSA if (1) their employees are "engaged in commerce," or (2) the employer is an

"enterprise engaged in commerce." 29 U.S.C. §§ 206–207; *see also Padilla v. Manlapaz*, 643

F. Supp. 2d 298, 299 (E.D.N.Y. 2009). These two methods of establishing FLSA coverage

are known as "individual coverage" and "enterprise coverage," respectively. *Jacobs v.

N.Y. Foundling Hosp.*, 483 F. Supp. 2d 251, 257 (E.D.N.Y. 2007), *aff'd*, 557 F.3d 93 (2d Cir.

2009).

An individual employee is "engaged in commerce or in the production of goods

for commerce . . . regardless of whether his or her employer is an enterprise . . . when

they are performing work involving or related to the movement of . . . things . . .

between states." *Jacobs*, 483 F. Supp. 2d at 257 (quotation marks omitted). "To determine

whether an individual employee is engaged in commerce, courts conduct a fact-specific

inquiry into the employment actions of each and every employee asserting a claim

under the Act." *Id.* (citing *Divins v. Hazeltine Elecs. Corp.*, 163 F.2d 100, 100 (2d Cir.

1947)).

An employer is an "[e]nterprise engaged in commerce or in the production of

goods for commerce" if the employer is an enterprise that:

> has employees engaged in commerce or in the production of goods for
> commerce, or that has employees handling, selling, or otherwise working
> on goods or materials that have been moved in or produced for commerce
> by any person; and . . . whose annual gross volume of sales made or
> business done is not less than $500,000 . . . .

29 U.S.C. §§ 203(s)(1)(A)(i)–(ii). "Commerce" is, in turn, defined as "trade, commerce, transportation, transmission, or communication among the several States or between any State and any place outside thereof." § 203(b).

To be an employee engaged in commerce, "the work involving or related to the movement of persons or things must be a substantial part of the employee's work." *Cotton v. NY Minute Movers, Inc.*, No. 20-CV-6153 (CBA) (SJB), 2022 WL 3684715, at *4 (E.D.N.Y. July 28, 2022), *report and recommendation adopted*, 2022 WL 3682833 (E.D.N.Y. Aug. 25, 2022). "Whether qualifying work constitutes a 'substantial part' of an employee's job is a fact-specific inquiry." *Jacome v. Optical 49, Inc.*, No. 20-CV-2615 (DG) (PK), 2021 WL 3375134, at *7 (E.D.N.Y. July 9, 2021), *report and recommendation adopted*, 2021 WL 3373130 (E.D.N.Y. Aug. 3, 2021). Where an employee's interstate activities "are *de minimis*, or not regular or recurring," courts do not consider the employee to be covered under FLSA's individual coverage provision. *Bowrin v. Cath. Guardian Soc.*, 417 F. Supp. 2d 449, 466 (S.D.N.Y. 2006).

Notably, there is no "clear standard for determining when an individual employee's interstate activities tip[] the scale and become[] 'substantial' for purposes of determining coverage." *Id*. However, the employee alleging individual coverage must provide enough information about these activities "such that the Court could conclude that his activities were regular and recurrent, and not just sporadic or occasional." *Marcus v. Lominy*, No. 18-CV-1857 (NSR), 2022 WL 493688, at *16 (S.D.N.Y. Feb. 17, 2022); *see also Remmers v. Egor*, 332 F.2d 103, 104 (2d Cir. 1964).

For example, evidence of "an employee's use of the phone and mails to accomplish fourteen to thirty major purchases from out-of-state vendors" over the course of five years was "considered sufficient to find coverage under the Act." *Bowrin*,

417 F. Supp. 2d at 466. Similarly, testimony from waiters who, "as part of their job[s,] were required to process credit-card payments for guests and did so with some regularity and frequency" was likely sufficient to trigger individual coverage. *Kim v. Kum Gang, Inc.*, No. 12-CV-6344 (MHD), 2015 WL 2222438, at *22 n.48 (S.D.N.Y. Mar. 19, 2015). In contrast, an employee's "bare assertions" that they "ordered materials manufactured outside of New York, interacted with businesses outside of New York (including banks), and dealt with out-of-state insurance vendors" were found to be vague because the allegations provided "no information about the frequency of those contacts, and therefore [could not] support an assertion that a substantial part of [their] work closely relate[d] to interstate commerce." *Marcus*, 2022 WL 493688, at *15 (denying plaintiff's motion for summary judgment upon finding that the employee had not established individual coverage under the FLSA) (quotation marks omitted); *see Jones v. SCO Fam. of Servs.*, 202 F. Supp. 3d 345, 351 (S.D.N.Y. 2016) (finding inadequate pleading of individual coverage due to the absence of "some factual allegation other than a mere recitation of the operative [statutory] words" (quotation marks omitted)); *Walker v. The Interfaith Nutrition Network, Inc.*, No. 14-CV-5419 (DRH) (GRB), 2015 WL 4276174, at *4 (E.D.N.Y. July 14, 2015) (same).

Here, it is undisputed that Plaintiff was employed as a cashier at JJSC, and that Plaintiff "accepted and processed credit card payments from customers." (Pl.'s Statement of Material Facts, ECF No. 19-3, ¶¶ 8–9 (hereinafter "Pl.'s 56.1"); Defs.' Am. Responsive Rule 56.1 Statement, ECF No. 19-8, ¶¶ 8–9 (hereinafter "Defs.' 56.1").) It is also undisputed that, of the transactions at JJSC, "there were a lot more credit card transactions than cash transactions." (Pl.'s 56.1, ECF No. 19-3, ¶ 10 (quotation marks omitted); Defs.' 56.1, ECF No. 19-8, ¶ 10.) Based on these facts, Plaintiff argues that he has met his burden of demonstrating that a substantial part of his work was related to

interstate commerce. (Pls.' Mem. of Law, ECF No. 19-2, at 6.) *See Owusu v. Corona Tire Shop, Inc.*, No. 9-CV-3744 (NGG) (JO), 2013 WL 1680861, at *14 (E.D.N.Y. Apr. 17, 2013) ("[T]he employee bears the burden of establishing his individual coverage [under the FLSA].").

Plaintiff's argument, however, rests upon a logical fallacy. Plaintiff suggests that because his job as a cashier involved processing credit card payments and because there were "a lot" more credit card transactions than cash transactions at JJSC, a substantial part of Plaintiff's work related to interstate commerce. (*See* Pl.'s Mem. of Law, ECF No. 19-2, at 6.) But the undisputed facts here do not establish how much of *Plaintiff's* time was spent on processing credit card transactions, the sole nexus to interstate commerce on which Plaintiff relies. In addition, the summary judgment record is entirely devoid of evidence regarding JJSC's sales volume or the number of transactions processed per day.[2] Moreover, evaluating the summary judgment record as a whole, there is evidence that Plaintiff was not the only employee who worked at JJSC. (*See* Tr. of Dep., ECF No. 19-4, at 31:8-23.) Based on these gaps in the proof, Plaintiff has failed to adduce sufficient evidence to establish that he processed credit card payments "with some regularity and frequency." *Kim*, 2015 WL 2222438, at *22 n.48; *see also Owusu*, 2013 WL 1680861, at *4 (holding that using a credit card machine "at most once or twice a day, and sometimes not at all," was insufficient to establish individual coverage under the FLSA). There is also some ambiguity in the record as to whether Plaintiff's only duty was to serve as a cashier. Indeed, when asked whether Plaintiff "worked as a cashier for

---

[2] Relatedly, the Court cannot speculate about what his job as a cashier even entailed due to a total lack of information about his job responsibilities and JJSC's sales volume. Was he processing two credit card transactions per day or 100? The Court has no basis in the record upon which to answer questions like this.

[JJSC]," Defendant Yun Hee Kim stated "[i]t wouldn't be right to say that he only worked as a cashier."[3] (Tr. of Dep., ECF No. 19-4, at 24:6–9.) Accordingly, on the basis of the current record, there are insufficient facts to conclude (1) what Plaintiff's day-to-day responsibilities were and what percentage of time he was engaged in processing credit card transactions or (2) that Plaintiff processed all, most, or even a significant number of JJSC's credit card transactions such that processing credit card transactions would constitute a "substantial" part of Plaintiff's work as a cashier.

Having reviewed the record as a whole, the Court finds that "simply alleging that a portion of [D]efendant's business was by credit card transaction," and that Plaintiff's job involved processing such transactions, is insufficient to establish that Plaintiff's processing of credit card transactions was a substantial part of his work.[4] (Defs.' 56.1, ECF No. 19-8, ¶ 20; Pl.'s 56.1, ECF No. 19-3, ¶ 9.) Indeed, Plaintiff's "bare assertions" that he engaged in commerce by processing credit card transactions "'are vague'" and "'provide no information about the frequency of those contacts, and therefore cannot . . . support an assertion that a substantial part of [Plaintiff's] work

---

[3] Defendant Yun Hee Kim was then asked whether Plaintiff performed any other function, to which she responded "[w]ell, I don't know if he played any other roles." (Tr. of Dep., ECF No. 19-4, at 24:16–17.) However, resolving all ambiguities and crediting all factual inferences in favor of the party opposing summary judgment precludes the Court from finding that Plaintiff exclusively worked as a cashier. *See Kessler*, 461 F.3d at 206.

[4] Although the Court ultimately agrees with Defendants' argument on this point, the Court notes that Defendants' claim that they presented evidence that conflicts with Plaintiff's argument for individual coverage is unsupported by the record. (Aff. in Opp'n to Pl.'s Mot. for Summ. J., ECF No. 19-7, at 5 (stating that they "presented conflicting evidence in which the processing of credit cards was increased slightly due to Covid-19 Pandemic" and that prior to the pandemic, "Plaintiff's job as a cashier was mostly processing cash").) Defendants did not provide a citation identifying where this alleged evidence is located in the record, and "[t]his cursory reference is insufficient." *Lawson v. Rubin*, No. 17-CV-6404 (BMC), 2018 WL 7958928, at *1 (E.D.N.Y. June 11, 2018) (observing that "[j]udges are not like pigs, hunting for truffles buried in briefs or the record" (quotation marks omitted)).

closely relates to interstate commerce.'" *Marcus*, 2022 WL 493688, at *15 (quoting *Jones*, 202 F. Supp. 3d at 352).

Additionally, the Court does not find that Defendants are employers subject to the FLSA under enterprise coverage.[5] Therefore, the Court respectfully recommends denying Plaintiff's motion for summary judgment on the question of whether his claims are covered by the FLSA. *Nick's Garage, Inc.*, 875 F.3d at 113–14 (quoting *Anderson*, 477 U.S. at 248).

### III. Liability Under the NYLL

To recover under the NYLL, Plaintiff must first "prove that he was an 'employee'" and that Defendant was an "'employer[]' as defined by the statute and accompanying regulations." *Ethelberth v. Choice Sec. Co.*, 91 F. Supp. 3d 339, 360 (E.D.N.Y. 2015) (citing NYLL § 650 *et seq.*; N.Y. Comp. Codes R. & Regs. tit. 12, § 142–2.2); *see also Lauria v. Heffernan*, 607 F. Supp. 2d 403, 407 (E.D.N.Y. 2009). An employee under the NYLL is "any individual employed or permitted to work by an employer in any occupation" subject to certain inapplicable exceptions. NYLL § 651(5). An employer under the New York Labor Law is "any individual, partnership, association, corporation, limited liability company, business trust, legal representative, or any organized group of persons acting as employer." § 651(6).

---

[5] As set forth above, an employer is subject to the minimum wage and overtime provisions of the FLSA if they are an enterprise engaged in commerce and have an annual sales volume of over $500,000. 29 U.S.C. § 207. The summary judgment record contains no evidence that Defendants' "annual gross volume of sales made or business done [was] not less than $500,000." § 203(s)(1)(A)(i)–(ii). Rather, Plaintiff focuses solely on the question of individual coverage in his motion for summary judgment, acknowledging revenue only to state that it is "not relevant to whether there was individual coverage." (Pl.'s Mem. of Law, ECF No. 19-2, at 4.) Indeed, although Plaintiff asserted in his complaint that "JJSC has an annual gross volume of sales in excess of $500,000," on summary judgment, no evidence was presented to support this assertion. (Compl., ECF No. 1, ¶ 13.) Therefore, the Court does not find that Defendants are employers subject to the FLSA under enterprise coverage.

It is uncontested that Plaintiff was an employee of Defendants, and that "Plaintiff was employed by [JJSC]."[6] (*See* Compl., ECF No. 1, ¶ 8; Answer, ECF No. 5, ¶ 8; Pl.'s 56.1, ECF No. 19-3, ¶¶ 1–7; Defs.' 56.1, ECF No. 19-8, ¶¶ 1–7.) Therefore, the Court finds that Plaintiff has sufficiently demonstrated an employee relationship with Defendants under the NYLL for purposes of this motion. The Court now turns to the question of whether Plaintiff is entitled to summary judgment on his NYLL claims.

As a threshold matter, the Court notes that in their memorandum of opposition to Plaintiff's motion for summary judgment, Defendants failed to address any of Plaintiff's claims beyond FLSA coverage, other than to argue that Plaintiff's motion should be denied in its entirety. (Aff. in Opp'n to Pl.'s Mot. for Summ. J., ECF No. 19-7, at 7.) In other words, Defendants did not substantively respond to Plaintiff's motion for summary judgment as to any of the NYLL claims. However, the Second Circuit has made clear that "[e]ven unopposed motions for summary judgment must 'fail where the undisputed facts fail to show that the moving party is entitled to judgment as a matter of law.'" *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006) (quoting *Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004)); *see, e.g., Richman v. Respironics, Inc.*, No. 8-CV-9407 (LMS), 2012 WL 13102265, at *6, (S.D.N.Y. Mar. 13, 2012) (observing that courts may not grant a motion for summary judgment without

---

[6] For purposes of this report and recommendation, the Court does not independently evaluate whether Plaintiff has adduced sufficient evidence to establish that Defendant Kim was Plaintiff's employer within the meaning of the NYLL because this question does not impact the Court's conclusion that summary judgment should be denied. *See, e.g., Saucedo v. On the Spot Audio Corp*, No. 16-CV-451 (CBA) (CLP), 2016 WL 8376837, at *6 (E.D.N.Y. Dec. 21, 2016) (observing that "New York courts focus on the degree of control the alleged employer exercised over the alleged employee, analyzing whether the employee: (1) worked at his own convenience; (2) was free to engage in other employment; (3) received fringe benefits; (4) was on the employer's payroll; and (5) was on a fixed schedule" to determine whether an individual was an employer under the NYLL, and that "parties found to be employers under the NYLL are jointly and severally liable") (quotation marks omitted).

13

examining "the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial" (quotation marks omitted)). If, upon examination, the Court finds that "the evidence submitted in support of the summary judgment motion does not meet the movant's burden of production, then summary judgment must be denied *even if no opposing evidentiary matter is presented*." *Id.* (emphasis in original) (quotation marks omitted).

Here, the undisputed facts on which Plaintiff relies in support of his summary judgment motion are extremely sparse and they vacillate between being oddly specific and quite vague, depending upon which factual assertion is at issue. Importantly, "considering some facts undisputed does not of itself allow summary judgment." Fed. R. Civ. P. 56(e)(3) advisory committee's note to 2010 amendment (recognizing that "the court may grant summary judgment only if the motion and supporting materials . . . show that the movant is entitled to it" and observing that "[o]nce the court has determined the set of facts . . . it must determine the legal consequences of these facts and permissible inferences from them"); *see also D.H. Blair & Co.*, 462 F.3d at 110; *Vt. Teddy Bear Co.*, 373 F.3d at 244. The Second Circuit's holdings in *D.H. Blair* and *Vermont Teddy Bear*, and the analysis of the advisory committee note, are highly instructive to the somewhat unusual record in this case. The mere fact that some facts are not in dispute is insufficient to establish that Plaintiff is entitled to judgment as a matter of law on all of his NYLL claims.

As discussed below, Plaintiff's Rule 56.1 statement includes various undisputed points, but they are narrow, and lacking in sufficient context for the Court to fully evaluate the legal import of the facts, resulting in gaps in the record as to which the

Court must draw all reasonable inferences in Defendants' favor.[7] Having carefully reviewed the entirety of the summary judgment record, the Court finds that Plaintiff has not met his burden on summary judgment. Accordingly, the Court respectfully recommends that Plaintiff's motion should be denied as to his NYLL claims.

### A. Minimum Wage and Overtime[8]

The NYLL minimum wage provision requires that employees be paid at least the statutory minimum wage for each hour that they work. NYLL § 652. The NYLL overtime provision requires that employees be paid "for overtime at a wage rate of one and one-half times the employee's regular rate." N.Y. Comp. Codes R. & Regs. tit. 12, § 142-3.2. Accordingly, to establish liability for an overtime claim, the "plaintiff must sufficiently allege 40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours." *Lundy v. Cath. Health Sys. of Long Island*

---

[7] For example, Plaintiff's Rule 56.1 statement makes references to the "liability period" but fails to define that phrase in the Rule 56.1 statement or anywhere else in the summary judgment record. (*See* Pl.'s 56.1, ECF No. 19-3, ¶¶ 2, 12, 18, 19.) The Court further notes that Plaintiff's Rule 56.1 statement cites to Defendants' responses to Plaintiff's interrogatories and Plaintiff's requests for admission, which documents also fail to define what time period is covered by certain of Plaintiff's questions. (Defs.' Am. Resp. to Pl.'s First Set of Interrogs., ECF No. 19-6; Defs.' Resp. to Pl.'s Req. for Admis., ECF No. 19-5.) On the basis of the current record, it is unclear, for example, if "liability period" is a reference to the entire employment period. (*Compare, e.g.*, Defs.' Resp. to Pls.' Req. for Admis., ECF No. 19-5, at 3 ("Plaintiff regularly worked for 4 days per week during the liability period"), *with* Compl., ECF No. 1, ¶ 27 ("From September 2013 to January 23, 2022, Kim regularly worked 4 days per week."); *see also* Pl.'s 56.1, ECF No. 19-3, ¶ 18 (stating that Defendants failed to provide Plaintiff with a wage notice "when [Plaintiff] was hired or at any time during the liability period," which statement could reasonably suggest that the liability period is broader than the statute of limitations period). Or is "liability period" a reference to the period of time covered by the 6-year statute of limitations under the NYLL? This is a question of fact with legal consequences, as discussed below, which was left unanswered in the factual record proffered by Plaintiff on summary judgment. (*See, e.g.*, Defs.' Am. Resp. to Pl.'s First Set of Interrogs., ECF No. 19-6, at 1 (indicating Defendants' objection to Plaintiff's instructions and definitions, but not including said definitions).)

[8] Given the NYLL's six-year statute of limitations, § 663(3), and the February 28, 2022 filing date for this case, (Compl., ECF No. 1), the record suggests that Plaintiff may be able to recover for wage deficiencies under the NYLL from February 28, 2016, to the filing date.

*Inc.*, 711 F.3d 106, 114 (2d Cir. 2013); *see also* N.Y. Comp. Codes R. & Regs. tit. 12, § 142-3.2. "If an employer fails to pay an employee an hourly rate of pay," to determine whether there were minimum wage or overtime violations, "the employer's regular hourly rate of pay shall be calculated by dividing the employee's total weekly earnings . . . by the lesser of 40 hours or the actual number of hours worked by that employee during the work week." N.Y. Comp. Codes & R. & Regs. tit. 12, § 146-3.5.

Here, Plaintiff posits that it is undisputed that he "worked more than 40 hours for [JJSC] in *at least one week* during the liability period"; that "Plaintiff was paid once a week" at a "fixed wage"; and that Plaintiff was paid between $525 and $600 per week. (Pl.'s 56.1, ECF No. 19-3, ¶¶ 12, 16, 17 (emphasis added) (quotation marks omitted); Defs.' 56.1, ECF No. 19-8, ¶¶ 12, 16, 17.) As noted above, *supra* note 7, Plaintiff has not established what the "liability period" is, although it is undisputed that the relevant employment period spans from September 2013 to January 23, 2022. (Pl.'s 56.1, ECF No. 19-3, ¶ 7; Defs.' 56.1, ECF No. 19-8, ¶ 7.) At this juncture, however, the record is silent on the question of *when* during the employment period (or the statute of limitations period) Plaintiff worked more than 40 hours in one week, or how many hours over 40 were worked. In light of New York City's minimum wage rate changes over the employment period, more specific evidence is necessary to determine whether Defendants paid Plaintiff the New York City minimum wage.[9] *See* NYLL § 652

---

[9] The Court notes that the minimum wage rate for a large employer in 2016 was $11.00; it was $10.50 for a small employer. NYLL § 652(a)(i)–(ii). If Plaintiff had worked 48 hours per week in 2016 at the minimum wage rate of $10.50, his compensation should have been $504. In

(indicating that the minimum wage rate increased on December 31, 2016 and in subsequent years). Given the allegations that Plaintiff was paid a flat rate per week, it seems likely that he will be able to establish an overtime claim in accordance with the NYLL at trial, but many questions of fact remain as to the scope of possible overtime liability given the paucity of information in the summary judgment record regarding Plaintiff's employment and the number of hours worked and when, all of which is relevant to evaluating whether Plaintiff has adduced enough evidence to be entitled to judgment as a matter of law.

Accordingly, and drawing all reasonable inferences in Defendants' favor, as the Court must in this context, the Court finds that Plaintiff has failed to fulfill his burden of "providing admissible evidence of the material facts entitling [him] to summary judgment."[10] *Giannullo*, 322 F.3d at 140; *see also Marvel Characters, Inc.*, 310 F.3d at 286.

## B. Spread of Hours Pay

Under the spread of hours provision, employees who make minimum wage or less are entitled to an additional hour of pay at the prevailing minimum wage for every day they work more than 10 hours. N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.4. "A limitation upon a plaintiff's eligibility to recover for spread-of-hours is that the plaintiff

---

Plaintiff's Rule 56.1 Statement, he states that Plaintiff's weekly wages were between $525 and $600 per week. (Pl.'s 56.1, ECF No. 19-3, ¶ 17.) Accordingly, the Court cannot conclude that Plaintiff was paid less than the minimum wage without assuming that Plaintiff worked over 40 hours per week in a year when the minimum wage rate was higher than $10.50, which would run afoul of the summary judgment standard requiring the Court to resolve ambiguities in the non-movant's favor. *Borley*, 22 F.4th at 78.

[10] In other words, even though no opposing evidentiary matter was presented, "the moving party has [not] fulfilled its burden of demonstrating . . . its entitlement to judgment as a matter of law." *Vt. Teddy Bear Co.*, 373 F.3d at 244.

not earn more than the minimum wage." *Fermin v. Las Delicias Peruanas Rest., Inc.*, 93 F. Supp. 3d 19, 45–46 (E.D.N.Y. 2015).

It is undisputed that Plaintiff regularly worked "12 hours from seven to seven." (Pl.'s 56.1, ECF No. 19-3, ¶¶ 12–13; Defs.' 56.1, ECF No. 19-8, ¶¶ 12–13.) However, as explained above, the Court cannot find, based on the present summary judgment record, whether Plaintiff was compensated at minimum wage or at a different rate due to a lack of evidence regarding the number of days and hours worked per week, and which rates of pay applied to which periods of time. Accordingly, the Court finds that Plaintiff has also failed to establish that no reasonable jury could find for the Defendants on the issue of spread of hours pay. *See Vt. Teddy Bear Co.*, 373 F.3d at 244 (explaining that an unopposed motion for summary judgment may "fail where the undisputed facts fail to show that the moving party is entitled to judgment as a matter of law" (quotation marks omitted)).

## C. New York Wage Theft Prevention Act

Plaintiff also moves for summary judgment with respect to Defendants' alleged violations of the NYLL's wage notice and statement requirements, which were codified as part of the New York Wage Theft Prevention Act. *See* NYLL § 195(1), (3). Under these provisions, an employer must provide its employees:

> (1) a notice at the time of hiring "in writing in English and in the language identified by each employee as the primary language of such employee" containing specific information, including, *inter alia*, the rate of pay and basis thereof, the method of payment, allowances claimed as part of the minimum wage, the regular pay day, and the identity of the employer; and (2) statements with every payment of wages listing specific information, including, *inter alia*, the dates of work covered by that payment of wages, the name, address and phone number of employer, rate of pay and basis thereof, gross wages, deductions, any allowances claimed as part of the minimum wage, and net wage.

18

*Imbarrato v. Banta Mgmt. Servs., Inc.*, No. 18-CV-5422 (NSR), 2020 WL 1330744, at *8 (S.D.N.Y. Mar. 20, 2020) (footnote omitted) (quoting NYLL § 195(1), (3)). An employer who fails to provide the required notices and statements is liable for statutory damages. *See* NYLL § 198(1-b), (1-d).

Under the NYLL, the statute of limitations, which is tolled from the date of the filing of the complaint, is six years. NYLL § 198(3). "A claim that a statute of limitations bars a suit is an affirmative defense, and, as such, it is waived if it is not raised in the answer to the complaint." *Litton Indus., Inc. v. Lehman Bros. Kuhn Loeb Inc.*, 967 F.2d 742, 751–52 (2d Cir. 1992) (citing Fed. R. Civ. P. 8(c)). Although Defendants did not raise this affirmative defense in their opposition papers, they did raise it in their answer. (Answer, ECF No. 5, ¶ 71.) Here, it does appear to be undisputed that Defendants failed to provide a wage notice, which, under the Wage Theft Prevention Act, must be given "at the time of hiring." NYLL § 195(1)(a). (Pl.'s 56.1, ECF No. 19-3, ¶ 18; Defs.' 56.1, ECF No. 19-8, ¶ 18.) Given that Plaintiff was hired in 2013, (Compl., ECF No. 1, ¶ 8), on the basis of the present record, there a question as to whether Plaintiff has alleged sufficient evidence to establish his wage notice claim as a matter of law due the possible applicability of the statute of limitations.

As to the wage statement claim, it is uncontroverted that Defendants "failed to provide Plaintiff pay stubs *at least once* . . . during the liability period." (Pl.'s 56.1, ECF No. 19-3, ¶ 19 (emphasis added); Defs.' 56.1, ECF No. 19-8, ¶ 19.) Again, however, the record is silent on the question of *when* Defendants failed to provide such wage

statements. Accordingly, Plaintiff has failed to advance sufficient evidence to establish his entitlement to summary judgment on this claim.[11]

## CONCLUSION

For the reasons stated herein, the Court finds that, when viewing the record in the light most favorable to the nonmoving party, the Plaintiff has failed to adduce sufficient facts to demonstrate that he is entitled to judgment as a matter of law as to his FLSA and NYLL claims. Therefore, the Court respectfully recommends denying Plaintiff's motion for summary judgment in its entirety.

\* \* \* \* \*

This report and recommendation will be filed electronically. Objections to this report and recommendation must be filed, with a courtesy copy sent to the Honorable Orelia E. Merchant at 225 Cadman Plaza East, Brooklyn, New York 11201, within fourteen (14) days of filing. Failure to file objections within the specified time waives the

---

[11] Moreover, Plaintiff has not adduced sufficient facts on summary judgment to establish Article III standing with regard to the Wage Theft Prevention Act ("WTPA") claims. *See Lacewell v. Off. of Comptroller of Currency*, 999 F.3d 130, 141 (2d Cir. 2021) ("The requirements of Article III standing are well established: '[A] plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision.'" (alteration in original) (quoting *Spokeo, Inc. v. Robbins*, 578 U.S. 330, 338 (2016)). The Supreme Court has "rejected the proposition that 'a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right.'" *TransUnion LLC v. Ramirez*, 594 U.S. 413, 426 (2021) (quoting *Spokeo*, 578 U.S. at 341). In the NYLL context, several courts in the Second Circuit have since concluded that bare allegations of WTPA violations are insufficient to establish Article III standing. *See, e.g., Veintimilla v. Sunny Builders NY*, No. 22-CV-1446 (LDH)(TAM), 2023 WL 2969385, at *13 (E.D.N.Y. Feb. 17, 2023) (collecting cases); *Sevilla v. House of Salads One LLC*, No. 20-CV-6072 (PKC) (CLP), 2022 WL 954740, at *7 (E.D.N.Y. Mar. 30, 2022). Although Defendants have not advanced any arguments regarding Plaintiff's potential lack of Article III standing in this case, "federal courts have an independent obligation to resolve any issue about their subject matter jurisdiction *sua sponte*" because "'[s]tanding is the threshold question in every federal case, determining the power of the court to entertain the suit.'" *Gross v. TransUnion, LLC*, 607 F. Supp. 3d 269, 270–71 (E.D.N.Y. 2022) (alteration in original) (quoting *Ross v. Bank of Am., N.A.*, 524 F.3d 217, 222 (2d Cir. 2008)). Here, the record on summary judgment sheds no light on whether Plaintiff suffered an actual injury as a result of Defendants' failure to provide the required notices under the WTPA.

right to appeal both before the district court and appellate courts. *See* 28 U.S.C.

§ 636(b)(1); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(a) (providing the method for

computing time). Failure to file objections within the specified time waives the right to

appeal the District Court's order. *See, e.g.*, *Caidor v. Onondaga County*, 517 F.3d 601, 604

(2d Cir. 2008) (explaining that "failure to object timely to a . . . report [and

recommendation] operates as a waiver of any further judicial review of the magistrate

[judge's] decision").

        **SO ORDERED.**

Dated:  Brooklyn, New York
        February 2, 2024

_____
TARYN A. MERKL
UNITED STATES MAGISTRATE JUDGE