UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------X
HEUNG YOL KIM,

                    Plaintiff,

        -against-

J&J SAFETYMATE CORP., d/b/a
COLLEGE POINT SAFETY MATE, and
YUN HEE KIM,

                    Defendants.
-----------------------------------------------------------X

**MEMORANDUM AND ORDER**
22-CV-1070 (TAM)

**TARYN A. MERKL**, United States Magistrate Judge:

Heung Yol Kim ("Plaintiff") initiated this action on February 28, 2022, against J & J Safetymate Corp. d/b/a College Point Safety Mate and Yun Hee Kim (collectively, "Defendants") for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the New York Labor Law ("NYLL"), Art. 6 § 190 *et seq.*[1] (*See* Compl., ECF No. 1.) Following a one-day bench trial on damages, the Court issued its findings of fact and conclusions of law, and awarded judgment in favor of Plaintiff in the amount of $147,577.87, plus interest. *See Kim v. J&J Safetymate Corp.*, No. 22-CV-1070 (TAM), 2025 WL 1384135 (E.D.N.Y. May 13, 2025).

Plaintiff's counsel now seeks fees and costs. (Mot. in Supp. of Att'ys' Fees & Costs ("Mot."), ECF No. 36; Mem. in Supp. of Application for Att'ys' Fees & Costs

---

[1] Plaintiff originally brought this action "on behalf of himself and all similarly situated non-exempt employees (i.e.[,] store clerk[s] and cashier[s]) who work or have worked at [College Point Safety Mate] within three years of the date of the filing of this action and who elect to opt-in to this action." (Compl., ECF No. 1, ¶ 20.) However, Plaintiff did not elect to file a motion for collective certification, and no additional plaintiffs joined the litigation.

("Mem."), ECF No. 36-1.) Defendants failed to file any opposition to Plaintiff's motion.[2] For the reasons set forth herein, the Court grants Plaintiff's motion for fees and costs in part.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

As set forth in this Court's findings of fact and conclusions of law, Plaintiff worked as a cashier in Defendants' College Point Safety Mate store from September 2013 to January 23, 2022. *Kim*, 2025 WL 1384135, at *3. Plaintiff worked four days per week, 12 hours each day, for a total of 48 hours per week, and was paid a flat weekly rate of $525.00 in 2016, 2017, and 2018; $550.00 in 2019, 2020, and 2021; and $600.00 in 2022. *Id.*

On January 6, 2025, the Court held a bench trial on damages. *Id.* at 2. In advance of the trial, the parties stipulated to liability as to all NYLL claims included in the complaint and to forgo the FLSA claims. *Id.* At the close of trial, the Court directed Plaintiff to file his proposed findings of fact by January 27, 2025, and directed Defendants to file their response by February 10, 2025. (Jan. 6, 2025 ECF Min. Entry.) Plaintiff filed his proposed findings of fact and corresponding damages calculation on January 22, 2025. (Pl.'s Proposed Findings of Fact, ECF No. 29.) Defendants submitted

---

[2] E.D.N.Y. Local Civil Rule 6.1(b) dictates that "any opposing or response papers" to a motion for attorneys' fees "must be served within 14 days after service of the moving papers." *See also* Individual Rules & Practices of Judge Merkl 2.A (directing parties "to comply with . . . the EDNY Local Rules, and the Federal Rules of Civil Procedure, for all motion practice," with limited exceptions not applicable here). Plaintiff filed his motion for attorneys' fees on June 23, 2025, and, to date, Defendants have not filed any response or opposition to the motion. The Court therefore deems any opposition waived. *See, e.g.*, *Drip Cap., Inc. v. M/S. Goodwill Apparels*, No. 22-CV-2806 (ALC), 2024 WL 1116166, at *1 (S.D.N.Y. Mar. 12, 2024) (finding a motion for attorneys' fees unopposed where the respondent did not file an opposition to the fees request).

2

their response on February 9, 2025. (Defs.' Resp. to Pl.'s Proposed Findings of Facts, ECF No. 30.)

On May 13, 2025, the Court issued its findings of fact and conclusions of law, and awarded judgment in favor of Plaintiff in the amount of $147,577.87, consisting of $53,673.66 in compensatory damages, $53,673.66 in liquidated damages, $10,000 in statutory damages, and prejudgment interest in the amount of $30,230.55, as well as post-judgment interest and additional interest in the event the judgment was not paid, pursuant to the NYLL. (*See* J., ECF No. 33.) *See also Kim*, 2025 WL 1384135, at *8.

On June 9, 2025, Plaintiff's counsel moved for leave to file a motion for attorneys' fees and costs after the 14-day deadline prescribed by Rule 54(d)(2) of the Federal Rules of Civil Procedure had passed. (Mot. for Leave to File, ECF No. 34.) In the motion, Plaintiff's counsel represented that counsel had been busy preparing for a trial and requested an extension of the fees motion deadline to June 23, 2025. (*Id.*) After the Court directed Defendants to respond, Defendants submitted a letter on June 13, 2025, stating that they had no objection to the motion for leave to file and did not oppose the deadline extension. (June 11, 2025 ECF Order; Defs.' Resp., ECF No. 35.) On June 16, 2025, the Court granted Plaintiff's motion for leave to file and directed Plaintiff's counsel to file the request for fees by June 23, 2025. (June 16, 2025 ECF Order.) On June 23, 2025, Plaintiff submitted his application for fees and costs. (Mot., ECF No. 36.) Defendants did not respond to the motion, as discussed *supra* note 2.

## DISCUSSION

I. Legal Standards

  A. Fee Shifting Under the NYLL

Under the NYLL, a prevailing plaintiff is entitled to an award of attorneys' fees. *See* NYLL § 663(1). Section 663 provides that prevailing employees are entitled to

3

"recover in a civil action the amount of any such underpayments, together with costs[,] all reasonable attorney's fees, [and] prejudgment interest as required under the civil practice law and rules." NYLL § 663(1); *see, e.g.*, *Riquiac Mejia v. Ke Lai Xiang No. One Rest. Inc.*, No. 21-CV-6664 (AMD) (CLP), 2025 WL 1868029, at *1 (E.D.N.Y. July 7, 2025); *Lin v. Joe Japanese Buffet Rest. Inc.*, No. 17-CV-3435 (WFK) (CLP), 2022 WL 2718584, at *2 (E.D.N.Y. June 7, 2022), *report and recommendation adopted*, 2022 WL 2716487 (E.D.N.Y. July 13, 2022). As discussed in the analogous FLSA context, the primary goal of fee shifting provisions is to provide compensation for counsel sufficient to ensure that plaintiffs in "run of the mill FLSA [or NYLL] actions" are not left without legal recourse. *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 603–04 (2d Cir. 2020) (quotation marks omitted). To promote the remedial ends of the wage protection statutes, the compensation provided to counsel in NYLL cases should be sufficient to ensure the availability of legal representation for workers who are not paid according to the law. *See, e.g.*, *Hart v. RCI Hosp. Holdings, Inc.*, No. 09-CV-3043 (PAE), 2015 WL 5577713, at *18 (S.D.N.Y. Sept. 22, 2015).

### B. Reasonable Attorneys' Fees

Courts have broad discretion in determining reasonable attorneys' fees. *See Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 183–84 (2d Cir. 2008). The method for determining reasonable fees in this circuit is based on a number of factors, such as the labor and skill required, the difficulty of the issues, the attorney's customary hourly rate, the experience, reputation, and ability of the attorney, and awards in similar cases. *See Arbor Hill*, 522 F.3d at 186 n.3, 190. In particular, when assessing an attorney's requested hourly rate, courts typically consider other rates awarded in the district in

which the reviewing court sits. This is known as the "forum rule." *See Simmons v. N.Y.C. Transit Auth.*, 575 F.3d 170, 174–75 (2d Cir. 2009) (recounting history of the forum rule).

Ordinarily, "the burden is on the fee applicant to produce satisfactory evidence — in addition to the attorney's own affidavits — that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience[,] and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). "In addition to the parties' evidentiary submissions, the Court may consider its own experience and familiarity with the case and with rates generally charged." *Lin*, 2022 WL 2718584, at *4.

Once a court determines the reasonable hourly rate, it must multiply that rate by the number of hours reasonably expended in order to determine the presumptively reasonable fee. *See Arbor Hill*, 522 F.3d at 190; *id.* at 183 ("[T]he district court should generally use the prevailing hourly rate in the district where it sits to calculate what has been called the 'lodestar' — what we think is more aptly termed the 'presumptively reasonable fee . . . .'"); *see also Millea v. Metro-N. R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) ("Both this Court and the Supreme Court have held that the lodestar — the product of a reasonable hourly rate and the reasonable number of hours required by the case — creates a 'presumptively reasonable fee.'" (quoting *Arbor Hill*, 522 F.3d at 183)). To calculate the presumptively reasonable fee, the Court looks at what a reasonable, paying client would be willing to pay, "bear[ing] in mind that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." *Arbor Hill*, 522 F.3d at 190; *see also Simmons*, 575 F.3d at 174.

With very limited exceptions, "contemporaneous time records are a prerequisite for attorney's fees in this Circuit." *Scott v. City of New York*, 626 F.3d 130, 133 (2d Cir. 2010) (quotation marks omitted); *see also Finkel v. Universal Elec. Corp.*, 970 F. Supp. 2d

5

108, 127–28 (E.D.N.Y. 2013). The court must review the time records and the hours an attorney billed in order to determine reasonableness and, in doing so, should examine the value of the work product and "exclude excessive, redundant or otherwise unnecessary hours." *Concrete Flotation Sys., Inc. v. Tadco Constr. Corp.*, No. 07-CV-319 (ARR) (VVP), 2010 WL 2539771, at *5 (E.D.N.Y. Mar. 15, 2010) (quoting *Quaratino v. Tiffany & Co.*, 166 F.3d 422, 425 (2d Cir. 2009)), *report and recommendation adopted*, 2010 WL 2539661 (E.D.N.Y. June 17, 2010). In so doing, the court determines a fee award "based on scrutiny of the unique circumstances of each case." *McDaniel v. County of Schenectady*, 595 F.3d 411, 426 (2d Cir. 2010).

The current forum rates in the Eastern District of New York, which were recently adjusted for inflation, are "$450–$650 for partners, $300–$450 for senior associates, $150–$300 for junior associates, and $100–$150 for paralegals." *Rubin v. HSBC Bank USA, N.A.*, 763 F. Supp. 3d 233, 244 (E.D.N.Y. 2025); *see also Reiter v. MTA N.Y.C. Transit Auth.*, 457 F.3d 224, 232–33 (2d Cir. 2006) (noting that fee awards must take into account "the current market rate" in the district). Notably, courts reviewing attorneys' fees in FLSA and NYLL cases have typically approved hourly rates on the lower to middle end of those ranges. *See, e.g., Shen v. ZenTao Inc.*, No. 19-CV-7269 (AMD) (LB), 2025 WL 746478, at *3, *5 (E.D.N.Y. Feb. 18, 2025) (noting that *Rubin* recently increased hourly rates but awarding reduced fees below the *Rubin* rates in an FLSA/NYLL case "[i]n light of what a reasonable client would pay, which includes consideration of the customary rate in this district for attorneys of similar experience, the straightforward nature of this case, and awards in similar cases"), *report and recommendation adopted*, 2025 WL 746063 (E.D.N.Y. Mar. 7, 2025); *see also Camillo v. Khim's Millennium Mkt., Inc.*, No. 22-CV-7846 (AMD) (PK), 2025 WL 951265, at *16–17 (E.D.N.Y. Mar. 13, 2025) (awarding $350 for an attorney in a routine FLSA case and reducing the paralegals' billing rates

from $125 to $100), *report and recommendation adopted*, 2025 WL 948125 (E.D.N.Y. Mar. 28, 2025). In addition to typical billing rates, "case-specific factors like the novelty or complexity of the matter are appropriately considered in determining the reasonable hourly rate or hours billed." *Lilly v. City of New York*, 934 F.3d 222, 232 (2d Cir. 2019).

## II. Analysis

Plaintiff's counsel seeks $56,040.00 in attorneys' fees and $2,184.10 in costs, for a total of $58,224.10. (Mem., ECF No. 36-1, at 11.) In support of his request, Plaintiff's counsel has submitted a declaration, as well as billing records that document specific tasks performed, hours worked, and the hourly rates requested for attorneys and support staff. (*See* Kim Decl., ECF No. 36-1[3]; Billing Records, ECF No. 36-5.) The requested fee for counsel is based on an hourly billing rate of $550 for attorney Ryan Kim, $350 for attorney Min Suk Choi, and $200 for paralegal Jia Choi. (*See* Mem., ECF No. 36-1, at 5; *see generally* Billing Records, ECF No. 36-5.) The billing records reflect that the attorneys and paralegal's total time spent on the action was 113 hours. (Billing Records, ECF No. 36-5, at 12.) More specifically, Plaintiff's counsel seeks compensation for 89.2 hours billed by Mr. Kim at a rate of $550 per hour (totaling $49,060), 14.8 hours

---

[3] The Court notes that the fees motion includes multiple references to declaration paragraphs that do not actually exist. (*Compare* Mem., ECF No. 36-1, at 5 (citing to Kim Decl. ¶¶ 74–78, 36–39, 29, and 24), *with* Kim Decl., ECF No. 36-2, at 7 (showing that the last paragraph in the declaration is ¶ 18).)

7

of time billed by Mr. Choi at a rate of $350 per hour (totaling $5,180), and nine hours of time billed by Ms. Choi at a rate of $200 per hour (totaling $1,800).[4] (*See generally id.*)

In support of the application, Mr. Kim's declaration details his, Mr. Choi's, and Ms. Choi's professional experience. Since his admission to the New York and New Jersey state bars in 2002, and the Illinois bar in 2004, Mr. Kim and his firm, Ryan Kim Law, P.C. ("RKL"), have specialized in representing Korean and Korean-American workers and businesses in workplace disputes. (Kim Decl., ECF No. 36-2, ¶¶ 7–8.) Mr. Kim is fluent in Korean and states that his regular hourly billing rate is $550. (*Id.*) Associate Min Suk Choi graduated from Indiana University Robert H. McKinney School of Law in 2024; he was admitted to the New York bar in March 2025. (*Id.* ¶ 9.) He, like Mr. Kim, is fluent in Korean, and his regular hourly billing rate is $350. (*Id.*) Lastly, senior paralegal Jia Choi has more than 12 years of experience in labor litigation and employment law and is also fluent in Korean. (*Id.* ¶ 10.) Her regular hourly billing rate is $200. (*Id.*) Mr. Kim's declaration states that RKL's paying clients regularly accept and pay the firm's hourly rates. (*Id.* ¶ 15.)

Having carefully reviewed the billing records, the history of the case, and the case filings, as well as the attachments to Plaintiff's motion, the Court finds that the requested hourly rates are somewhat excessive but that the number of hours billed is appropriate.

---

[4] The Court notes that Plaintiff's counsel did not provide a calculated breakdown of each attorney's billed hours, but did provide billing records indicating how much each attorney billed. (*See* Billing Records, ECF No. 36-5.) As discussed below, Plaintiff's counsel represented that they removed excessive and duplicative entries before submitting the request for fees; therefore, the billing records submitted in support of the fees application appear to only include the non-duplicative entries. (*See id.*; *see also* Mem., ECF No. 36-1, at 10.) Plaintiff's counsel has also represented that the billing records include half of the billing professionals' total travel time. (*See* Mem., ECF No. 36-1, at 10.)

### A. Hourly Rates

As set forth above, the current forum rates in the Eastern District of New York are $450–$650 for partners, $300–$450 for senior associates, $150–$300 for junior associates, and $100–$150 for paralegals. *Rubin*, 763 F. Supp. 3d at 244. The rates counsel seeks in this case are, accordingly, either in the middle or in excess of the typical rates awarded in this district. These rates also exceed what has been normally awarded in FLSA cases.

Recognizing that "Mr. Kim is an experienced litigator," judges in this district have previously awarded him $450 per hour, which is on the higher end of the range typically awarded for FLSA cases. *See Shin v. Party Well Rest & Oriental Bakery, Inc.*, No. 20-CV-1319 (CBA) (TAM), 2023 WL 8701337, at *6 (E.D.N.Y. Dec. 15, 2023) (recommending an award based on hourly rates of $450 for Mr. Kim and $100 for Ms. Choi in a wage-and-hour case involving one Plaintiff that culminated in a three-day trial), *report and recommendation adopted*, 2024 WL 1327420 (E.D.N.Y. Mar. 28, 2024), *aff'd*, No. 24-1189, 2025 WL 783737 (2d Cir. Mar. 12, 2025); *Choi v. AHC Med. Servs., PLLC*, No. 22-CV-1450 (MKB) (JRC), 2023 WL 5612394, at *11–12 (E.D.N.Y. Aug. 1, 2023) (recommending, in the context of a fee award on a motion for default judgment, a reduction of Mr. Kim's requested hourly rate of $475 to $450 "given the simplicity of this single plaintiff case" and reducing Ms. Choi's hourly rate to $100), *report and recommendation adopted*, 2023 WL 5613718 (E.D.N.Y. Aug. 30, 2023); *see also Ahn v. Sun Cleaners, Inc.*, No. 19-CV-5919 (DLI) (PK), 2022 WL 586022, at *11 (E.D.N.Y. Feb. 18, 2022), *report and recommendation adopted*, Mar. 18, 2022 ECF Order Adopting R. & R. However, these cases were decided before the recent opinion in *Rubin*, which analyzed the Eastern District's forum rates against inflation and found that higher forum rates are appropriate than those that had been awarded historically. 763 F. Supp. 3d at 241–44. In

addition, other factors support a higher rate here: Mr. Kim has significant experience in wage-and-hour cases, he took this case from the filing of the complaint through trial, and his Korean language fluency reduces interpretation costs for cases, like this one, involving Korean speakers. *See, e.g.*, *Lunnon v. Rugolo Prods. LLC*, No. 22-CV-7560 (RPK) (RML), 2025 WL 1309488, at *7 (E.D.N.Y. Jan. 27, 2025) (factoring in the "'nature of representation and type of work involved in a case'" when determining the appropriate hourly rate (quoting *Arbor Hill*, 522 F.3d at 184 n.2)), *report and recommendation adopted*, Mar. 10, 2025 ECF Order Adopting R. & R. For these reasons, the Court finds that Mr. Kim is entitled to a $500 hourly rate in this case. *See also Stavola v. Macro Digit. Tech. Corp.*, No. 24-CV-26 (GRB) (JMW), 2025 WL 2466991, at *3–4 (E.D.N.Y. Aug. 27, 2025) (awarding partner with significant experience a $500 hourly rate "considering the circumstances and consistent with more recent authority in this District").

As to Mr. Choi, the Court finds that an hourly rate of $175 is appropriate, given the district's rates, his fluency in Korean, and his relative inexperience. *Rubin*, 763 F. Supp. 3d at 244. (Kim Decl., ECF No. 36-2, ¶ 9 (stating that Mr. Choi passed the New York bar exam in July 2024 and was admitted to the bar in March of this year).) Finally, the Court will award an hourly rate of $125 for Ms. Choi, in light of the recently adjusted rates in the Eastern District and Ms. Choi's significant experience and Korean fluency. *See also Riquiac Mejia*, 2025 WL 1868029, at *2 (awarding higher paralegal billing rate due to paralegal's language abilities).

For the reasons stated above, the rates of $500 per hour for Mr. Kim, $175 per hour for Mr. Choi, and $125 per hour for Ms. Choi are appropriate.

### B. Total Number of Hours

1. *Applicable Law*

When considering an application for attorneys' fees, the Court must also review the number of hours billed. *See, e.g., Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998). In determining a reasonable number of hours, "[t]he relevant issue . . . is not whether hindsight vindicates an attorney's time expenditures, but whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures." *Grant v. Martinez*, 973 F.2d 96, 99 (2d Cir. 1992). Courts "must make 'a conscientious and detailed inquiry into the validity of the representations that a certain number of hours were usefully and reasonably expended.'" *Hernandez v. Quality Blacktop Servs., Inc.*, No. 18-CV-4862 (RJD) (RML), 2021 WL 1413246, at *11 (E.D.N.Y. Mar. 10, 2021) (citation omitted) (quoting *Maldonado v. La Nueva Rampa, Inc.*, No. 10-CV-8195 (LLS) (JLC), 2012 WL 1669341, at *13 (S.D.N.Y. May 14, 2012)), *report and recommendation adopted*, Mar. 30, 2021 ECF Order Adopting R. & R. At the same time, courts "'need not, and indeed should not, become green-eyeshade accountants'" when evaluating fee requests. *Fisher*, 948 F.3d at 601 (quoting *Fox v. Vice*, 563 U.S. 826, 838 (2011)). As a general matter, courts agree with fee applicants' requests when the amount of hours billed is reasonable. *See Gonzales v. Trees R US Inc.*, No. 14-CV-7487 (JMW), 2022 WL 3045714, at *2 (E.D.N.Y. Mar. 11, 2022). However, "the court should exclude 'excessive, redundant, or otherwise unnecessary' hours." *Rosen v. LJ Ross Assocs., Inc.*, No. 19-CV-5516 (ARR) (VMS), 2022 WL 493728, at *6 (E.D.N.Y. Jan. 24, 2022) (quoting *Hensley*, 461 U.S. at 434), *report and recommendation adopted*, 2022 WL 493274 (E.D.N.Y. Feb. 17, 2022).

2. *Analysis*

In this case, Plaintiff's counsel requests compensation for 113 hours, which includes 89.2 hours billed by Mr. Kim, 14.8 hours billed by Mr. Choi, and nine hours billed by Ms. Choi. (Billing Records, ECF No. 36-5.) Counsel has submitted contemporaneous time and billing records in support of their request. (*See id.*) With regards to the hours expended, counsel notes that the case proceeded through discovery, one deposition, multiple court conferences, summary judgment motion practice, mediation, and a one-day bench trial. (Mem., ECF No. 36-1, at 10.) Counsel represents that additional work was needed because Defendants cycled through three different attorneys over the course of the litigation, which caused delays and complications. (*Id.* at 8–9.) Counsel further represents that the firm made a good faith effort to exclude redundant and excessive hours, explaining as follows:

> In a further effort to avoid duplicative billing, other than [Mr.] Kim, no one else billed for certain work performed, such as discussions about the status and strategy of the case. Likewise, [Mr.] Kim did not bill all of his time speaking with Plaintiff, such as for administrative and non-substantive discussion (*e.g.*, scheduling of matters). RKL also excluded half the time spent traveling to and from the Court.

(*Id.* at 10.)

Here, the Court finds that the number of hours requested in the motion is appropriate overall given the history and complexity of the case, including multiple changes of defense counsel. As Plaintiff's counsel noted, this case involved motion practice, a mediation, and a trial (though the trial was one day long and solely pertained to damages). Courts have regularly awarded fees for comparable hours in cases involving trial practice. *See, e.g.*, *Palaguachi v. All City Remodeling, Inc.*, No. 15-CV-9688 (AT) (SDA), 2018 WL 11226108, at *2 (S.D.N.Y. Apr. 20, 2018) (noting that 116 hours billed is "comparable to the amount of time attorneys spend to prosecute an

12

entire FLSA action"); *Silva v. Legend Upper West LLC.*, 590 F. Supp. 3d 657, 666 (S.D.N.Y. 2022) (finding 126.35 hours reasonable for case involving multiple complaints, a settlement conference, and a bench trial); *Hernandez v. JRPAC Inc.*, No. 14-CV-4176 (PAE), 2017 WL 66325, at *1, *4 (S.D.N.Y. Jan. 6, 2017) (finding 153.35 hours reasonable in a six-plaintiff wage-and-hour case that culminated in a three-day bench trial). The Court also appreciates that RKL preemptively omitted any duplicative billing before submitting its motion. (Mem., ECF No. 36-1, at 10.)

For these reasons, the Court finds that Plaintiff is entitled to a total fee award of **$48,315**, as set forth below:

| Billing Professional | Fees Requested | Hours Requested & Awarded | Hourly Rate Requested | Hourly Rate Awarded | Reduced Fee Awarded |
|---|---|---|---|---|---|
| Ryan Kim | $49,060 | 89.2[5] | $550 | $500 | $44,600 |
| Min Suk Choi | $5,180 | 14.8 | $350 | $175 | $2,590 |
| Jia Choi | $1,800 | 9 | $200 | $125 | $1,125 |
| **Totals** | **$56,040** | **113** | | | **$48,315** |

## C. Costs

As noted above, Plaintiff's counsel has requested reimbursement for $2,184.10 in costs. (*Id.* at 11.) Counsel's billing records detail the breakdown of costs as follows: $402 for the filing fee; $300 for Plaintiff's half of the mediation fee; $450 for an interpreter for Defendant's deposition; $618.75 for the court reporter at Defendant's deposition and the deposition transcript; $23.60 in transportation expenses; $225 for Plaintiff's half of the

---

[5] The Court notes that travel time should be billed at 50% of the attorney's approved rate. *See, e.g., Shin*, 2023 WL 8701337, at *8. However, because Plaintiff's counsel represented that the firm "excluded half the time spent traveling to and from the Court" in its proposed calculation of fees, the Court finds that no further reduction is needed for travel, as the exclusion of half of the travel time in the calculations already accounts for travel being awarded at a 50% rate. (Mem., ECF No. 36-1, at 10.)

interpreter fee for trial; $108.50 for the trial transcript; and $56.25 in charges related to mailings, supplies, and postage. (Billing Records, ECF No. 36-5.) Plaintiff's counsel also submitted receipts reflecting the filing fee, as well as invoices for the mediation fee, deposition interpreter, court reporter and deposition transcript, trial interpreter, and trial transcript. (Receipts, ECF No. 36-6.) Counsel did not submit documentation of the transportation expenses or mailings, supplies, and postage charges, which total $79.85.

The NYLL expressly provides for the recovery of costs. *See* NYLL § 663; *Santillan v. Henao*, 822 F. Supp. 2d 284, 301 (E.D.N.Y. 2011) ("As a general matter, a prevailing plaintiff in an action under the FLSA or New York's Labor Law is entitled to recover costs from the defendant."). As to the costs requested, counsel here seeks reimbursement for specific costs directly related to litigating the case, which are typically recoverable. (*See* Receipts, ECF No. 36-6.) *See, e.g., Hancock v. I.C. Sys., Inc.*, 592 F. Supp. 3d 250, 258 (S.D.N.Y. 2022); *Shin*, 2023 WL 8701337, at *10 (evaluating request for costs related to case filing, service of process, mediation, deposition transcripts, interpretation services, court reporters, transportation, and mailings, supplies, and postage). However, the Court declines to award any requested costs that lack documentation. *See Kingvision Pay-Per-View, Ltd. v. Castillo Rest. Corp.*, No. 06-CV-617 (RJD) (KAM), 2007 WL 841804, at *7 (E.D.N.Y. Jan. 16, 2007) (declining to award costs where a plaintiff failed to submit documentary evidence in support of its request for costs), *report and recommendation adopted*, Mar. 16, 2007 ECF Order Adopting R. & R.

Here, Plaintiff has not provided receipts documenting the transportation expenses or mailings, supplies, and postage charges; those costs, totaling $79.85, are not recoverable. *Id.* However, the remainder of Plaintiff's costs are reasonable, "routinely recoverable as litigation costs," and are supported by documentation. *Hancock*, 592 F.

14

Supp. 3d at 258. The Court therefore awards Plaintiff's counsel **$2,104.25** in costs. ($2,184.10 – $79.85 = $2,104.25.)

## CONCLUSION

The Supreme Court has noted that in fee shifting cases, "[t]he essential goal . . . is to do rough justice, not to achieve auditing perfection." *Fox*, 563 U.S. at 838. For the foregoing reasons, the Court grants Plaintiff's motion for attorneys' fees and costs in part. Specifically, the Court awards Plaintiff **$48,315** in fees and **$2,104.25** in costs, for a total award of **$50,419.25**.

**SO ORDERED.**

Dated: Brooklyn, New York
September 30, 2025

*Taryn A. Merkl*
TARYN A. MERKL
UNITED STATES MAGISTRATE JUDGE